**STATE of Missouri, Respondent,**

v.

**Donald Leroy WATSON, Appellant.**

**No. 61785.**

Supreme Court of Missouri,
En Banc.

July 15, 1980.

Rehearing Denied Sept. 9, 1980.

---

James J. Knappenberger, Clayton, for appellant.

John Ashcroft, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Donald Leroy Watson, was convicted of assaulting Alfred Henry Carmack, without malice aforethought, by a jury in the Circuit Court of Laclede County, Missouri, and his punishment was assessed at imprisonment for a term of five years. Following rendition of judgment and imposition of sentence, an appeal was perfected to the Southern District of the Missouri Court of Appeals where the judgment of conviction was affirmed in an opinion adopted October 5, 1979. In part, that opinion reads as follows:

"Defendant alleges that prejudicial error was committed in the sustaining of the state's motion in limine in regard to a prior trial wherein defendant was tried and acquitted on a charge of assaulting Glen Harrell. Defendant was prohibited from mentioning the former trial or the acquittal. If, in fact, error was committed it was harmless error in view of the fact that counsel for defendant in open court, by means of an objection, informed the jury that defendant had been tried for shooting Mr. Harrell and had been found not guilty."

On November 16, 1979, appellant filed in this Court an application for transfer alleging the above portion of the opinion adopted in the Court of Appeals is contrary to the opinion in *State v. Millard*, 242 S.W. 923 (Mo.1922), which held "that the State could show the killing by defendant of another person immediately after the killing of the person for whose homicide he was on trial as a part of the res gestae even though the defendant had previously been acquitted of the charge for that homicide, *and that when the State did make such showing the defendant was entitled to offer in evidence the record of that trial showing the judgment of acquittal.*" *State v. Chamineak*, 343 S.W.2d 153, 162 (Mo.1961). (Emphasis supplied).

On December 6, 1979, this Court ordered the case transferred. It was argued and submitted here on May 14, 1980. After hearing in this Court, counsel reexamined the transcript on appeal and now agree that the following transpired at trial, *in open court, and in the hearing of the jury*:

"MR. MAC FARLANE: The next, and as I was going to say, Sgt. Kernick will come back, I will ask the Court to bring him back later in a more logical time which will concern his investigation. He will come on first and put this diagram before you to help you better understand the events.

"Next will be Glen Harrell. He was at the Pubmobile Lounge, he went out with Alfred Carmack and both incidentally were shot that night. He will tell you what time they got there.

"MR. SCHWARTZ: I object to that statement by counsel at this time about any matters concerning Glen Harrell. As he well knows—may we approach the bench?

"THE COURT: You may do so.

"(Counsel approached the bench and a discussion was had in the presence but out of the hearing of the jury and the reporter, at the conclusion of which the proceedings returned to open court.)

"MR. SCHWARTZ: Judge, at this time I would like to raise objection for his—of

all that counsel's stating to the jury in his opening statement that the—an individual was a victim of this incident, that Glen Harrell—Mr. Harrell has already—Mr. Watson has been tried for this shooting of Mr. Harrell and he has been found not guilty. My argument goes to Mr. MacFarlane's use and suggested to the Court that the defendant has committed any crime, in fact, he has been found not guilty of that offense. He is trying to get a protective order from the Court and he has been found not guilty of shooting Glen Harrell. He is trying to get it in the back door that he also shot—my client has shot him in this case. He has now raised the issue and this jury ought to find out that he was not guilty of shooting Glen Harrell.

"THE COURT: Your objection is overruled and request denied. I would note there was no statement as to anyone shooting the third party or that a third party was shot."

In view of the *Millard* holding, it was error for the trial court to prohibit appellant from showing that he had been tried for shooting Glen Harrell and was acquitted. However, we agree with the Court of Appeals that, in the circumstances of this case, the error was harmless.

Accordingly, we conclude that the transfer was improvidently granted, and the case is ordered retransferred to the Southern District of the Court of Appeals for proceedings not inconsistent with this opinion. Rule 83.09.

All concur.